GATES v. ENO.

*Negotiable instrument — Bill of exchange — what is not — acceptance by failure to return under* 1 *R. S.* 769, § 11.

One S. gave plaintiff an order in writing directing defendant to pay plaintiff $500, "and deduct same from fourth payment on five houses," built by S. for defendant. When the order was presented, defendant stated that there were liens on the houses nearly equal to the amount he owed S., but he would pay $95, the difference between the liens and what he owed. Plaintiff accepted $95, wrote a receipt for that sum upon the order which he left with defendant — it being agreed, if any thing more was found due S., it should be paid on the order. Afterward plaintiff demanded the order from defendant, who refused to surrender it. *Held,* that the instrument was in no sense as between the parties a bill of exchange, and the provision of 1 R. S. 769, § 11, that a failure to return a bill of exchange presented for acceptance shall be deemed acceptance, did not apply.

MOTION by plaintiff for a new trial upon case and exceptions ordered to be first heard at the general term, after a nonsuit at the circuit.

The action was brought by Theodore B. Gates against Amos F. Eno, upon an instrument drawn by one Skiff, directing defendant

to pay plaintiff $500, and which, it was claimed, was accepted by defendant. The facts fully appear in the opinion.

*Theodore B. Gates*, for plaintiff. The instrument sued on was a bill of exchange. 3 Kent's Com. (6th ed.) 74, 76 ; *Cooke* v. *Satterlee*, 6 Cow. 108 ; *Leonard* v. *Mason*, 1 Wend. 522 ; *Kelly* v. *Mayor of Brooklyn*, 4 Hill, 263 ; *Luff* v. *Pope*, 5 id. 416 ; *McLeod* v. *Snell*, 2 Str. 762 ; *Redman* v. *Adams*, 51 Me. 429 ; *Bank of Kentucky* v. *Sanders*, 3 Marsh. 184 ; *Smith* v. *Ellis*, 29 Me. 422 ; *Hoyt* v. *Lynch*, 2 Sandf. 328.

*Daniel Lord, Jr.*, and *George De Forest Lord*, for defendant.

Present — BARNARD, P. J., and TAPPEN, J.

TAPPEN, J. This is an appeal from a judgment entered in Kings county on the dismissal of the plaintiff's complaint at the circuit.

The plaintiff sought to charge the defendant with liability upon an instrument, which the plaintiff claims to be a bill of exchange, and which reads as follows:

"Brooklyn, December 3, 1872. Amos F. Eno, 75 William street, New York. Please pay T. B. Gates five hundred dollars, and deduct same from fourth payment on five houses on Ninth street, Brooklyn, between Third and Fourth avenues.

"Yours, etc., C. B. SKIFF."

The defendant did not accept the order by any indorsement in writing. He made a small payment to the plaintiff, who indorsed the following receipt on the back of the instrument:

"Received, December 19, 1872, on within order, ninety-five dollars and seventy-eight cents; same having been endorsed on note of C. B. Skiff, December 4, 1872.

"T. B. GATES."

The defendant retained the instrument with this receipt indorsed on it, as a voucher against Skiff, who had contracted to build houses for the defendant. Plaintiff was furnishing Skiff certain building materials.

VOL. VI, N. Y. REP. — 49

There being no written acceptance by the defendant, he is sought to be charged with liability under the following provision of the statute. 1 R. S. 769, § 11.

" Every person upon whom a bill of exchange is drawn, and to whom the same is delivered for acceptance, who shall destroy such bill, or refuse, within twenty-four hours after such delivery, or within such other period as the holder may allow, to return the bill accepted, or non-accepted, to the holder, shall be deemed to have accepted the same."

At the time plaintiff obtained the instrument from Skiff, the latter was indebted to him on a promissory note of $500, and the money which plaintiff might realize from Eno was to be applied to this note, which the plaintiff retained and had in his possession at the time of the trial of this action. It therefore appears that he parted with no value for the instrument on which he seeks to charge the defendant.

It appears, from the testimony of the plaintiff and his witness, Mr. Haviland, that they called on the defendant with this order. The defendant said that parties had filed liens against the buildings for nearly the amount he owed Skiff, but that he would pay $95, being the difference between the liens and what he owed Skiff. " We talked it over and thought it was better to accept that, indorse it on the order, and have that money then; if there was any thing left, Mr. Eno was to pay it on the order." The defendant returned to Skiff this voucher, and Skiff afterward placed it in the defendant's possession, and it was produced by the defendant at the trial. The plaintiff himself testifies that the understanding, when he received the $95, was that when the liens were adjusted, whatever the balance was, the defendant would pay him on account of the draft.

These dealings between the parties show that the payment of the order was dependent upon contingencies; that the plaintiff dealt with the order and with the defendant upon that basis and understanding, and that the instrument was in no sense, as between the parties, a bill of exchange; and not being a bill of exchange, the statutory liability created by the non-acceptance or non-return of such an instrument does not apply, and does not reach the defendant.

The plaintiff did not leave this order with the defendant for acceptance; that was not his demand. He left it with defendant

as a voucher and authority to the latter against Skiff, and it was treated, as in fact it was, as a mere builder's order, whereby an owner might pay the person therein named any money accruing to his builder, to the extent named in such order. The plaintiff, having indorsed a payment of $95 upon it when he received that sum from the defendant, thereby authorized and ratified the defendant's subsequent retention of the order so indorsed. And the plaintiff's subsequent demand for the order so indorsed does not, under the circumstances, bring the case within the statute above quoted, where a refusal to return the bill is to be deemed an acceptance. It may be doubted whether the instrument in all its features constitutes a simple bill of exchange within the rules laid down and cases cited in Edwards on Bills, 139–141; but the construction given to it, and the dealings of the plaintiff and defendant in respect thereto, as disclosed by the testimony, clearly deprive it of the character which the plaintiff now seeks to ascribe to it.

The judgment should be affirmed, with costs.

*Judgment affirmed.*